NIGHT BOX

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Case No. 98-8194-CIV-HURLEY |
| CRAIG LEE HARE a/k/a DANNY HARE, ) | |
| Individually and Doing Business as ) | STIPULATED |
| EXPERIENCED DESIGNED COMPUTERS and ) | FINAL JUDGMENT |
| C&H COMPUTER SERVICES, ) | AND SETTLEMENT |
| ) | OF CLAIMS AS TO |
| ) | RELIEF DEFENDANT |
| Defendant, and ) | |
| ) | |
| STEPHANIE J. HERTER ) | |
| a/k/a STEPHANIE BRANHAM, ) | |
| ) | |
| Relief Defendant. ) | |

FILED by _____ D.C.

OCT 1 2 1998

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

Plaintiff, the Federal Trade Commission ("Commission") filed its complaint for a permanent injunction and other equitable relief in this matter pursuant to Sections 13(b) and 19(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, charging defendant Craig Lee Hare a/k/a Danny Hare, individually and doing business as Experienced Designed Computers and C&H Computer Services ("Hare"), with violations of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Federal Trade Commission Trade Regulation Rule entitled the "Mail or Telephone Order Merchandise Rule" (the "Telephone Order Rule"), 16 C.F.R. Part 435. In that complaint, the Commission named Stephanie J. Herter a/k/a Stephanie Branham

("Herter") as a relief defendant alleging that Herter had deposited into her bank account cashiers checks and money orders received by Hare in the course of his scheme to defraud consumers. The Commission and Herter have consented to the entry of this Stipulated Final Judgment and Settlement of Claims as to Relief Defendant ("Order") by this Court in order to resolve all matters of dispute between them arising from the Complaint in this action, up to the date of the entry of this Order. The Commission and Herter have agreed to the entry of this Order without trial or adjudication of any issue of law or fact herein.

**NOW, THEREFORE**, Herter and plaintiff, the Commission, have requested the Court to enter this Stipulated Final Judgment and Settlement of Claims as to Relief Defendant. It is therefore **ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and all parties hereto.

2. This is an action by the Commission instituted under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. § § 45 and 53(b). Pursuant to Sections 5 and 13(b), the Commission has authority to seek the relief it has requested.

3. On March 30, 1998, Commission filed its complaint for a permanent injunction and other equitable relief in this matter, pursuant to Sections 13(b) and 19(a) of the FTC Act, 15 U.S.C. § § 53(b) and 57(a), and moved for an *ex parte* Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65.

4. On April 2, 1998, this Court entered an Ex Parte Temporary Restraining Order, and Order Freezing Assets, Permitting Expedited Discovery, and Ordering Defendant and Relief Defendant to Show Cause Why Preliminary Injunction Should Not Issue.

5. On April 21, 1998, this Court entered a Stipulated Extension of Modified Temporary Restraining Order and Order Freezing Assets and Permitting Expedited Discovery and Ordering Defendant and Relief Defendant to Show Cause Why Preliminary Injunction Should Not Issue. This Order Extended the Temporary Restraining Order and Order for Related Equitable Relief until July 1, 1998, as was agreed to by defendant Hare acting pro se and by Herter, acting through counsel.

6. Herter has waived all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, and all rights to seek judicial review or otherwise to challenge the validity of this Stipulated Final Judgment and Settlement of Claims as to Relief Defendant.

7. Entry of this Order is in the Public Interest.

8. This Order does not constitute and shall not be interpreted to constitute either an admission by Herter or a finding by the Court of liability.

## ORDER

### I.

### MONETARY RELIEF

**IT IS HEREBY ORDERED** that (A) Herter shall release any claim to all funds held in Herter's name in account #1443575959 at Barnett Bank, previously frozen by Order of this Court. Such funds shall be released to the Commission and shall be used to provide redress to

3

persons who purchased, but never received goods from Craig Hare, and to pay any attendant expenses associated with distribution of funds; or (B) if the Commission, in its sole discretion, determines that redress is wholly or partially impractical, any funds not so used shall be deposited into the United States Treasury. The Commission, in its sole discretion, may use a designated agent to administer consumer redress. Herter acknowledges and agrees that this judgment is for equitable monetary relief, is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture.

## II.

### TRANSFER OF FUNDS TO THE COMMISSION

**IT IS FURTHER ORDERED** that the partial freeze on the assets of Herter shall not be lifted until: (A) the entry of this Final Order; and (B) Herter's payments and transfers pursuant to Paragraph I of this Order. Barnett Bank shall release to the Commission the money held in Herter's name in account # #1443575959 immediately upon receiving a copy of this Order.

## III.

### ASSET FREEZE LIFTED-RIGHT TO REOPEN

**IT IS HEREBY FURTHER ORDERED** that, based on Herter's representations to the Commission, including, but not limited to, the Financial Statement executed by Herter on April 9, 1998, the freeze of Herter's assets shall be lifted upon the entry of this Order and the transfer of funds to the Commission described Paragraphs I and II of this Order. The Commission's agreement to and the Court's entry of this Order are expressly premised upon the truthfulness, accuracy, and completeness of Herter's financial condition as represented in the Financial Statement referenced above, which contains material information upon which the Commission

4

relied in negotiating and agreeing to the amount and/or terms of the redress payment stated in this Order. If upon motion by the Commission, this Court finds that Herter failed to disclose any material asset, or materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from the Financial Statement, the Judgment herein shall be reopened for the purpose of modifying the amount and/or terms of the redress payment; provided, however, that in all other respects this Judgment shall remain in full force and effect unless otherwise ordered by the Court; and provided further, that, proceedings instituted under this Paragraph are in addition to and not in lieu of any other civil or criminal remedies as may be provided by law, including any other proceedings the Commission may initiate to enforce this Order. Solely for the purposes of this paragraph, Herter waives any right to contest any of the allegations in the Commission's complaint.

## IV.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY RELIEF DEFENDANT

**IT IS FURTHER ORDERED** that within five (5) business days after receipt by Herter of this Order as entered by the Court, Herter shall submit to the Commission a truthful sworn statement, in the form shown on Appendix A, that shall acknowledge receipt of this Final Order.

## V.

## CONTINUING JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for the purpose of enforcing the terms of this settlement

**SO ORDERED** this 11th day of Oct., 1998.

_____
The Honorable Daniel T.K. ~~Hurley~~
United States District Judge

Executed:

_____ Date: 8/13/98
ELIZABETH A. HONE
LAURIE MEEHAN
Attorneys for the Plaintiff
Federal Trade Commission
6th St. and Pennsylvania Ave, N.W. Room 238
Washington, DC 20580
(202) 326-3207
(202) 326-3395 (facsimile)

_____ Date: July 7, 1998
Stephanie J. Herter
64 Plantation Blvd.
Lake Worth, FL 33467
561/968-11080

6

_____ Date: 7/7/98
David L. Gorman, Esq.
Attorney for Stephanie J. Herter
Gorman & Scherer
Bay Pointe Building
Suite 303
618 U.S. Highway One
North Palm Beach, FL 33408
618 U.S. Highway

# APPENDIX A
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CRAIG LEE HARE a/ka DANNY HARE,<br>Individually and Doing Business as<br>EXPERIENCED DESIGNED COMPUTERS and<br>C&H COMPUTER SERVICES,<br><br>Defendant, and<br><br>STEPHANIE J. HERTER<br>a/k/a STEPHANIE BRANHAM<br><br>Relief Defendant. | Case No. 98-8194-CIV-HURLEY<br><br>AFFIDAVIT OF<br>RELIEF DEFENDANT<br>STEPHANIE HERTER |

Stephanie J. Herter, being duly sworn, hereby states and affirms as follows:

1. My name is Stephanie J. Herter. My current residence address is 64 Plantation Blvd., Lake Worth, Florida 33467. I am a citizen of the United States and am over the age of eighteen. I have personal knowledge of the facts set forth in this Affidavit.

2. I am a relief defendant in <u>FTC v. HARE, et al.</u> (United States District Court for the Southern District of Florida, West Palm Beach Division, Case No. 98-8194-CIV-HURLEY).

3. On _____, 1998, I received a copy of the STIPULATED FINAL JUDGMENT AND SETTLEMENT OF CLAIMS AS TO RELIEF DEFENDANT in the above captioned case, which was signed by the Honorable Judge Daniel Hurley and entered by the Court on _____, 1998. A true and correct copy of the Order I received is appended to this Affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on _____, 1998 and _____, Florida.

_____
STEPHANIE J. HERTER

State of _____, City of _____

    Subscribed and sworn to before me this _____ day of _____, 199___.

_____
Notary Public
My Commission Expires:
_____

## PROOF OF SERVICE

I hereby certify that on August 13, 1998 I served, via federal express, the attached Stipulated Final Judgment and Settlement of Claims as to Relief Defendant on the following:

Craig Lee Hare
3973 Cherokee Avenue
West Palm Beach, FL  33409

David L. Gorman
**Gorman & Sherer**
618 U.S. Highway One, Suite 303
North Palm Beach, FL  33408
561/842-0808

_____
Elizabeth A. Hone